B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Filene's Basement, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**SYL, LLC; SYL Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**Tax I.D. No. 51-0298277** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**One Syms Way**<br>**Secaucus, New Jersey**<br>ZIP CODE **07094** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Hudson** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**Various**<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>**Retail** | ☐ Chapter 7  ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12  ☐ Chapter 15 Petition for<br>☐ Chapter 13    Recognition of a Foreign<br>                          Nonmain Proceeding |
| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>----------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**    THIS SPACE IS FOR COURT USE ONLY

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| B1 (Official Form 1) (4/10) | | Page 2 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Filene's Basement, LLC** | |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: See Attached Schedule 1 | Case Number: Pending | Date Filed: Same |
|---|---|---|
| District: District of Delaware | Relationship: Affiliates | Judge: Pending |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court[ in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Filene's Basement, LLC** |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ *[signature]*<br>Signature of Attorney for Debtor(s)<br>**Mark S. Chehi**<br>Printed Name of Attorney for Debtor(s)<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>Firm Name<br>**One Rodney Square**<br>**P.O. Box 636**<br>**Wilmington, DE 19899**<br>Address<br>**302-651-3000**<br>Telephone Number<br><br>_____<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ *[signature]*<br>Signature of Authorized Individual<br>**Gary Binkoski**<br>Printed Name of Authorized Individual<br>**Authorized Representative of Filene's Basement, LLC**<br>Title of Authorized Individual<br>**11/02/2011**<br>Date | |

# **SCHEDULE 1**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code.

1. Filene's Basement, LLC
2. Syms Corp.
3. Syms Clothing, Inc.
4. Syms Advertising Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :
In re:                             :   Chapter 11
                                   :
FILENE'S BASEMENT, LLC,            :   Case No. 11-_____ (___)
                                   :
               Debtor.             :
                                   :
                                   :
---------------------------------- x

## LIST OF CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS

This list contains creditors holding the twenty (20) largest unsecured claims (the "List of Creditors") against Filene's Basement, LLC (the "Debtor") as of approximately October 27, 2011. This List of Creditors is based upon the books and records of the Debtor. The information presented in this List of Creditors shall not constitute any admission by, nor is it binding on, the Debtor.

This List of Creditors is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. This List of Creditors does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

|  | Creditor | Contact, Mailing Address and Telephone Number (Chief Executive Officer, CFO, COO OR Treasurer) | Nature of Claim | Amount of Claim | Contingent, Unliquidated or Disputed |
|---|---|---|---|---|---|
| 1. | Pension Benefit Guarantee Corporation | Israel Goldowitz<br>Office Of The Chief Counsel<br>(202) 326-4020<br><br>1200 K Street N.W., Suite 340<br>Washington, DC 20005-4026 | Pension | Unknown | Contingent, Unliquidated |
| 2. | Phillips-Van Heusen Corp | Emanuel Chirico<br>Chairman and Chief Executive Officer<br>(212) 381-3500<br><br>200 Madison Avenue<br>New York, NY 10016 | Accounts Payable | $846,006.40 | |

| | Creditor | Contact, Mailing Address and Telephone Number (Chief Executive Officer, CFO, COO OR Treasurer) | Nature of Claim | Amount of Claim | Contingent, Unliquidated or Disputed |
|---|---|---|---|---|---|
| 3. | Murray Klein, Stanley Zabar | Saul Zabar<br>Owner<br>(212) 787-2000<br><br>2245 Broadway (at 80th Street)<br>New York, NY 10024 | Property Lease | $660,742.79 | |
| 4. | Teachers Insurance and Annuity Association of America-College Retirement Equities Fund | Roger W. Ferguson Jr.<br>President and Chief Executive Officer<br>(212) 916-4504<br><br>730 Third Avenue<br>New York, NY 10017 | Property Lease | $571,368.17 | |
| 5. | Rosenthal & Rosenthal | Stephen J. Rosenthal<br>Chairman and Chief Executive Officer<br>(212) 356-1400<br><br>1370 Broadway<br>New York, NY 10018 | Factor | $519,729.15 | |
| 6. | 4 USS LLC | Michael Fascitelli<br>President and Chief Executive Officer<br>(201) 587-1000<br><br>C/O Vornado Realty Trust<br>888 Seventh Ave.<br>New York, NY 10019 | Property Lease | $448,435.92 | |
| 7. | Teachers Insurance and Annuity Association of America-Real Estate Account (MAZZA GALLERIE) | Roger W. Ferguson, Jr.<br>President and Chief Executive Officer<br>(212) 916-4504<br><br>730 Third Avenue<br>New York, NY 10017 | Property Lease | $349,180.34 | |
| 8. | Quest 28 Millbury LLC | Mickey Rabina<br>Principal<br>(914) 722-4400<br><br>C/O Rabina Properties LLC<br>670 White Plains Road, Suite 305<br>Scarsdale, NY 10583 | Property Lease | $323,651.66 | |
| 9. | L. Friedland and M. Friedland | Lawrence Friedland, Owner<br>Friedland Properties<br>(212) 744-3300<br><br>22 East 65th<br>New York, NY 10021 | Property Lease | $293,749.98 | |

| | Creditor | Contact, Mailing Address and Telephone Number (Chief Executive Officer, CFO, COO OR Treasurer) | Nature of Claim | Amount of Claim | Contingent, Unliquidated or Disputed |
|---|---|---|---|---|---|
| 10. | American Freeholds | Mark Preston, Group Chief Executive<br>44-20-7408-0988<br><br>70 Grosvenor Street<br>London W1K 3JP<br>United Kingdom | Property Lease | $286,890.76 | |
| 11. | Cejon, Inc. | Edward Rosenfeld<br>Chief Financial Officer<br>(718) 446-1800<br><br>52-16 Barnett Avenue<br>Long Island City, NY 11104 | Accounts Payable | $219,569.50 | |
| 12. | JLP-Aventura, LLC | Jay L. Schottenstein<br>Chairman and Chief Executive Officer<br>(800) 282-8462<br><br>C/O Schottenstein Prop Group<br>4300 East Fifth Avenue<br>Columbus, OH 43219 | Property Lease | $214,653.67 | |
| 13. | LC Libra, LLC | William L. Mccomb<br>Chief Executive Officer<br>(212) 354-4900<br><br>1441 Broadway<br>New York, NY 10018 | Accounts Payable | $184,589.44 | |
| 14. | CK Jeans | Emanuel Chirico<br>Chairman and Chief Executive Officer<br>(212) 381-3500<br><br>200 Madison Avenue<br>New York, NY 10016 | Accounts Payable | $176,430.95 | |
| 15. | CPT NP Building, LLC | Christopher Gladstone<br>President<br>(202) 393-1999<br><br>C/O Trust II - Press Building, LLC<br>1001 G Street, NW<br>Suite 700-W<br>Washington, DC 20001 | Property Lease | $159,141.99 | |
| 16. | Manhasset Venture, LLC | Raymond Edwards<br>Vice President<br>(516) 869-7273<br><br>Manhasset Venture, LLC<br>3333 New Hyde Park Rd # 100<br>New Hyde Park, New York 11042-1204 | Property Lease | $147,991.06 | |

3

|  | Creditor | Contact, Mailing Address and Telephone Number (Chief Executive Officer, CFO, COO OR Treasurer) | Nature of Claim | Amount of Claim | Contingent, Unliquidated or Disputed |
|---|---|---|---|---|---|
| 17 | VNO Bergen Mall LLC | Michael D. Fascitelli<br>President and Chief Executive Officer<br>(212) 894-7000<br><br>888 Seventh Avenue<br>New York, NY 10019 | Property Lease | $146,774.19 | |
| 18. | Appareltex USA Inc | Allan Mackey<br>President<br>(714) 434-0233<br><br>3151 Airway Avenue, Suite F202<br>Coasta Mesa, CA 92626 | Accounts Payable | $143,448.44 | |
| 19. | Bridal and Company | Michael Abadi<br>Founder and Chief Executive Officer<br>(800) 264-4696<br><br>120 Miracle Mile<br>Coral Gables, FL 33134 | Accounts Payable | $141,000.00 | |
| 20. | Hanesbrands Inc/Attn: Rops | Richard A. Noll<br>Chairman and Chief Executive Officer<br>(336) 519-8080<br><br>1000 East Hanes Mill Road<br>Winston Salem, NC 27105 | Accounts Payable | $122,148.88 | |

4

## DECLARATION UNDER PENALTY OF PERJURY

I, Gary Binkoski, Authorized Signatory for the Debtor, declare under penalty of perjury that I have read the foregoing List of Creditors and that it is true and correct to the best of my knowledge, information and belief.

Dated: Secaucus, New Jersey
November 2, 2011

By: *[signature]*
Name: Gary Binkoski

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
:
In re: : Chapter 11
:
FILENE'S BASEMENT, LLC, : Case No. 11-____ (___)
:
Debtor. :
:
------------------------------------- x

## CORPORATE OWNERSHIP STATEMENT OF
## FILENE'S BASEMENT, LLC

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Filene's Basement, LLC submits the following information:

| Name and Address of Corporate Equity Holders | Percentage of Ownership |
|---|---|
| Syms Corp.<br>One Syms Way<br>Secaucus, New Jersey 07904 | 100% |

## DECLARATION

I, Gary Binkoski, Authorized Signatory for the debtor in this case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: Secaucus, New Jersey
November 2, 2011

By: /s/ Gary P. B.
Name: Gary Binkoski

## ACTION BY WRITTEN CONSENT OF THE SOLE MEMBER OF FILENE'S BASEMENT, LLC

The undersigned, being the sole Member of Filene's Basement, LLC, a Delaware limited liability company (the "Company"), in accordance with Section 18-302 of the Limited Liability Company Act of Delaware and the Limited Liability Company Agreement of the Company, does hereby consent to the adoption of, and does hereby adopt, the following resolutions as if they were adopted at a duly convened meeting of the sole Member and directs that this written consent be filed with the minutes of the proceedings of the sole Member:

WHEREAS, the sole Member, having discussed its strategic alternatives and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, the sole Member and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby;

WHEREAS, the sole Member deems it advisable and in the best interests of the Company to authorize the officers of the sole Member (including any interim officers of the sole Member), Jeff M. Feinberg and Gary Binkoski (each, an "Authorized Representative" and collectively, the "Authorized Representatives") to take any other actions in connection with the chapter 11 proceedings;

NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:

RESOLVED that in the judgment of the sole Member it is desirable and in the best interest of each of the Company, its creditors, the sole Member and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, appointed by the sole Member as an authorized signatory in connection with the chapter 11 proceedings authorized herein; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary, proper or desirable in

1

connection with the chapter 11 case, including any and all action necessary, proper or desirable in connection with the selling of all of the Company's merchandise by means of a "store closing," "sale on everything," "everything must go," "going out of business" or other similar themed sale, entering into an agency or similar agreement, with a view to the successful prosecution of such case; and it is further

RESOLVED that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that the firm of Alvarez & Marsal North America, LLC, be, and hereby is, employed to provide the Corporation with a President and Chief Operating Officer, a Chief Financial Officer, and certain additional employees of it and its professional service provider affiliates, in connection with the chapter 11 case, on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that the firm of Rothschild Inc. be, and hereby is, employed as investment banker for the Company in connection with the chapter 11 case, on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that the firm of Cushman and Wakefield Securities, Inc. be, and hereby is, employed as real estate financial advisor for the Corporation in connection with the chapter 11 case, on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that the firm of Cushman and Wakefield Inc. be, and hereby is, employed as real estate broker for the Corporation in connection with the chapter 11 case, on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that, the Authorized Representatives are hereby authorized to select such entity or entities as they shall choose to be, and it (or they) hereby is (or are) employed as liquidation agents (the "Liquidation Agents") for the Company in connection with the chapter 11 case on such terms as any Authorized Representative shall approve; and it is further

RESOLVED that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including, but not limited to, in connection with (i) entering into an agency or similar agreement and (ii) the selling of all of the Company's merchandise by means of a "store closing", "sale on everything", "everything must go", "going out of business" or other similarly themed sale, each

as described to the sole Member be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED that the Company as debtor and debtor in possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to enter into an agency or similar agreement with the Liquidation Agents for the purpose of a "store closing", "sale on everything", "everything must go", "going out of business" or other similarly themed sale, in substantially the form provided or described to the sole Member (with such final terms and provisions as the Authorized Representative executing such agency or similar agreement may approve); and it is further

RESOLVED that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, be, and it hereby is, authorized to obtain the use of cash collateral in such amounts and on such terms as may be approved by any one or more of the Authorized Representatives as is reasonably necessary for the continuing conduct of the affairs of the Company and certain of its subsidiaries; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to take all such actions to obtain any authorizations, consents, waivers or approvals of any third party that such Authorized Representatives deem necessary, appropriate or advisable to effect the transactions contemplated by these resolutions, and such Authorized Representatives may execute and deliver or cause to be delivered such agreements and other documents and may take all such other actions as such Authorized Representative deems necessary or advisable to effect this resolution; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, agreements, instruments, financing statements, notices, undertakings, certificates or other writings referred to in the foregoing resolutions; and it is further

RESOLVED that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any Authorized Representative in connection with the chapter 11 case, any agency or similar agreement, or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take or cause

3

to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in the good faith judgment of such Authorized Representative to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED that the Authorized Representatives be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate or advisable in the good faith judgment of such Authorized Representative to effectuate the purpose and the intent of these resolutions; and it is further

RESOLVED that all actions previously taken by any Authorized Representative or counsel with respect to the matters contemplated by these resolutions, including but not limited to any agency or similar agreement, are hereby adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

IN WITNESS WHEREOF, the undersigned, being the sole Member of the Company, have executed this written consent as of November 1, 2011.

**MEMBER:**

Syms Corp.
A New Jersey Corporation

By: *[signature]*
Name: Gary Binkoski
Title: Interim Chief Financial Officer, Syms Corp.