IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FILENE'S BASEMENT, LLC, | : | Case No. 11-13511 (___) |
| One Syms Way<br>Secaucus, NJ 07094 | : | Tax I.D. No. 51-0298277 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SYMS CORP., | : | Case No. 11-13512 (___) |
| One Syms Way<br>Secaucus, NJ 07094 | : | Tax I.D. No. 22-2465228 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SYMS CLOTHING, INC., | : | Case No. 11-13513 (___) |
| One Syms Way<br>Secaucus, NJ 07094 | : | Tax I.D. No. 22-2513869 |
| Debtor. | : | |

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
In re:                                :    Chapter 11
                                      :
SYMS ADVERTISING INC.,                :    Case No. 11-13514 (___)
                                      :
One Syms Way                          :
Secaucus, NJ 07094                    :    Tax I.D. No. 22-2465234
                                      :
              Debtor.                 :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND DEL. BANKR. L.R. 1015-1 AND WAIVING REQUIREMENTS OF FED. R. BANKR. P. 2002(n)**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, pursuant to section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Gary Binkoski in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1); Bankruptcy Rules 1005, 1015 and 2002(n) and Local Bankruptcy Rule 1015-1.

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.[1]

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, under Bankruptcy Code section 342(c)(1), Bankruptcy Rule 1005 and Local Bankruptcy Rule 1015-1 consolidating the Debtors' chapter 11 cases for procedural purposes only and waiving the requirement that the Debtors' caption and certain notices contain tax identification numbers and any other names used by the Debtors in the previous eight years.

## BASIS FOR RELIEF

5. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. The Debtors in these proceedings

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

include Filene's Basement, LLC ("Filene's Basement"), Syms Corp. ("Syms"), Syms Clothing, Inc. ("Syms Clothing") and Syms Advertising Inc. ("Syms Advertising").

6. Syms is the direct parent of each of Filene's Basement, Syms Clothing and Syms Advertising. As such, Filene's Basement, Syms, Syms Clothing and Syms Advertising are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

7. Moreover, the joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors.

8. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

9. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each

creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

        10.     In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

```
IN THE UNITED STATES BANKRUPTCY COURT
     FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FILENE'S BASEMENT, LLC, et al., | : | Case No. 11-13511 (___) |
| Debtors.[2] | : | Jointly Administered |

        11.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

        12.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' chapter 11 cases (except that of Filene's Basement), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Filene's Basement, LLC, Case No. 11- 13511 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 11- 13511 (___) should be consulted for all matters affecting this case.

        13.     It would be far more practical and expedient for the administration of these chapter 11 cases if the Court were to authorize their joint administration. The Debtors

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

envision that many of the motions, hearings, and other matters involved in these chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

14. Nor will any party be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. An order of joint administration relates to the routine administration of a case and may be entered by the court in its discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. Indeed, the relief requested herein is commonly granted in this District. See, e.g., In re Jackson Hewitt Tax Serv. Inc., Case No. 11-11587 (MFW) (Bankr. D.Del. June 30, 2011); In re Sea Launch Co., Case No. 09-12153 (BLS) (Bankr. D. Del. June 25, 2009); In re VeraSun Energy Corp., Case No. 08-12606 (BLS) (Bankr. D. Del. Nov. 3, 2008); In re Goody's Family Clothing, Inc., Case No. 08-11133 (CSS) (Bankr. D. Del. June 9, 2008); In re Powermate Holding Corp., Case No. 08-10498 (KG) (Bankr. D. Del. Mar. 18, 2008).[3]

15. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest and, therefore, should be granted.

## NOTICE

16. Notice of this Motion will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the agent for the prepetition lenders; (iii) the parties included

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

on the Debtors' lists of twenty (20) largest unsecured creditors; and (iv) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).

## NO PRIOR REQUEST

17. No previous request for the relief sought in this Motion has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
November 2, 2011

*/s/ Mark S. Chehi*
Mark S. Chehi (I.D. No. 2855)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
(302) 651-3001

- and -

Jay M. Goffman
Mark A. McDermott
David M. Turetsky
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000
(212) 735-2000

Proposed Counsel for Debtors and Debtors in Possession

8

667537-Wilmington Server 1A - MSW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
FILENE'S BASEMENT, LLC,                   :   Case No. 11-13511 (___)
                                          :
One Syms Way                              :
Secaucus, NJ 07094                        :   Tax I.D. No. 51-0298277
                                          :
             Debtor.                      :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
SYMS CORP.,                               :   Case No. 11-13512 (___)
                                          :
One Syms Way                              :
Secaucus, NJ 07094                        :   Tax I.D. No. 22-2465228
                                          :
             Debtor.                      :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
SYMS CLOTHING, INC.,                      :   Case No. 11-13513 (___)
                                          :
One Syms Way                              :
Secaucus, NJ 07094                        :   Tax I.D. No. 22-2513869
                                          :
             Debtor.                      :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
SYMS ADVERTISING INC.,                        :    Case No. 11-13514 (___)
                                              :
One Syms Way                                  :
Secaucus, NJ 07094                            :    Tax I.D. No. 22-2465234
                                              :
              Debtor.                         :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND DEL. BANKR. L.R. 1015-1 AND WAIVING REQUIREMENTS OF FED. R. BANKR. P. 2002(n)**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 342(c)(1), Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1 directing joint administration of these cases and administratively consolidating the respective chapter 11 cases of each Debtor for procedural purposes only and waiving the requirement that the Debtors' captions list the Debtors' tax identification numbers and certain other information; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, stakeholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

    1.    The Motion is GRANTED as set forth herein.

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion related hereto.

2. Each of the above-captioned chapter 11 cases of the Debtors be, and hereby is, jointly administered by the Court.

3. The caption of the jointly administered cases shall read as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
:
In re: : Chapter 11
:
FILENE'S BASEMENT, LLC, et al., : Case No. 11-13511 (___)
:
Debtors.[1] : Jointly Administered
:
------------------------------x

4. Each motion, application and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Filene's Basement, LLC, Case No. 11- 13511 (___).

5. The requirement under Bankruptcy Rule 2002(n) that any other names used by the Debtors in the previous eight years be contained in the caption is hereby waived.

6. A docket entry shall be made in each of the Debtors' cases (except that of Filene's Basement, LLC) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Filene's Basement, LLC, Case No. 11- 13511 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 11- 13511 (___) should be consulted for all matters affecting this case.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
_____, 2011

_____
Honorable
UNITED STATES BANKRUPTCY JUDGE