IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
FILENE'S BASEMENT, LLC, et al., : Case No. 11-13511 (___)
: 
Debtors.[1] : Joint Administration Pending
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 345 AND DEL. BANKR. L.R. 2015-2(b) WAIVING INVESTMENT AND <u>DEPOSIT REQUIREMENTS</u>**

The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") hereby move (the "<u>Motion</u>") this Court for entry of interim and final orders, pursuant to sections 105 and 345 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2015-2(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), waiving, on an interim and final basis, investment and deposit requirements.  In support of the Motion, the Debtors rely upon and fully incorporate herein by reference the Declaration of Gary Binkoski in Support of Chapter 11 Petitions and First Day Pleadings (the "<u>First Day Declaration</u>"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 345. Such relief is also warranted pursuant to Local Bankruptcy Rule 2015-2(b).

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek immediate entry of an interim order waiving the investment and deposit requirements imposed by Bankruptcy Code section 345(b) and, subject to resolution of objections, if any, to the relief requested in this Motion, entry of a final order waiving the investment and deposit requirements imposed by Bankruptcy Code section 345(b).

## BASIS FOR RELIEF

5. As described in more detail in the Debtors' cash management motion, filed concurrently herewith and fully incorporated herein by reference, [2] the Debtors maintain a highly automated and integrated centralized cash management system (the "Cash Management System") that permits them to fund their operations in the most streamlined and cost-efficient manner possible.

6. The Debtors are able to monitor their cash position on a daily basis. Disbursements are controlled by the Debtors' financial personnel located at the Debtors' headquarters in Secaucus, New Jersey. By centralizing control over the Cash Management System, the Debtors are able to facilitate cash forecasting and reporting, monitor collection and disbursement of funds, and maintain control over the administration of various bank accounts required to effect the collection, disbursement, and movement of cash.

7. The prepetition bank accounts maintained by the Debtors, including the accounts discussed below (collectively, the "Bank Accounts"), are identified and described in more detail in the Cash Management Motion. As set forth in the Cash Management Motion, all of the Bank Accounts are in a financially stable banking institution, Bank of America, N.A., with FDIC insurance (up to an applicable limit per Debtor). The Debtors maintain no investment accounts.

8. The Debtors believe that their use of the Bank Accounts substantially conforms with the approved investment and deposit practices identified in Bankruptcy Code

---

[2] See Motion Of The Debtors For Order Pursuant To 11 U.S.C. §§ 105(a) And 363, Fed. R. Bankr. P. 6003 And Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Maintenance Of Existing Bank Accounts, (II) Authorizing Continued Use Of Existing Business Forms, And (III) Authorizing Continued Use Of Existing Cash Management System With Certain Modifications (the "Cash Management Motion"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cash Management Motion.

section 345, and that all money deposits are safe and prudent and yield, under the circumstances, the maximum reasonable net return on such money. Nonetheless, out of an abundance of caution, to the extent that such deposits do not conform with the approved practices identified in Bankruptcy Code section 345, the Debtors seek to have such requirements waived so as to allow the Debtor's banking institution to accept and hold such funds in accordance with the Debtors' prepetition practices.

9. The Debtors believe that sufficient cause exists pursuant to Bankruptcy Code section 345(b) to allow them to deviate from the approved investment practices established by the Bankruptcy Code. Accordingly, the Debtors respectfully request authority (a) to continue depositing funds in a safe and prudent manner, in accordance with the Debtors' prepetition practices, notwithstanding that such practices may not strictly comply in all respects with the approved investment practices set forth in Bankruptcy Code section 345; and (b) for Bank of America, N.A., to accept and hold such funds in accordance with the Debtors' prepetition practices.

**APPLICABLE AUTHORITY**

10. Bankruptcy Code section 345 authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).

11. For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," 11 U.S.C. § 345(b), Bankruptcy Code section 345(b) provides that the estate must require from the entity with which the money is deposited or

invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety, "unless the court for cause orders otherwise." Id.

12. Pursuant to Local Bankruptcy Rule 2015-2(b), however, a court may relieve a debtor in possession of the restrictions of Bankruptcy Code section 345(b) on an interim basis if there are more than 200 creditors. See Del. L.R. Bankr. P. 2015-2(b) ("[I]f a motion for such a waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, the Court may grant an interim waiver until a hearing on the debtor's motion can be held.").

13. Additionally, a court may relieve a debtor in possession of the restrictions of Bankruptcy Code section 345(b) on a final basis for "cause." Courts have considered a number of factors in seeking to determine whether "cause" exists pursuant to Bankruptcy Code section 345(b). See In re Serv. Merch. Co., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (identifying various factors relevant to the existence of "cause", including the sophistication and size of the debtor's business, the amounts of the investments involved, bank ratings, the complexity of the case, the debtor's safeguards for the funds, the debtor's ability to reorganize in the face of failure of one or more of the financial institutions, the benefit to the debtor of a waiver of the section 345(b) requirements, the potential harm to the estate, and the reasonableness of such a waiver under the circumstances).

14. Congress has emphasized that the investment and deposit requirements of Bankruptcy Code section 345 may be "wise in the case of a smaller debtor with limited funds that cannot afford a risky investment to be lost, [but such requirements] can work to needlessly handcuff larger, more sophisticated debtors." H.R. Rep. 103-835, 103d Cong., 2d Sess. 224 (Oct. 4, 1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3355; 140 Cong. Rec. H10752, H10767 (Oct. 4,

5

1994).  Thus, Congress added the waiver clause in section 345(b) "to allow the courts to approve investments other than those permitted by section 345(b) for just cause, thereby overruling In re Columbia Gas Sys., Inc., [33 F.3d 294 (3d Cir. 1994)]."  Id.

15. The Debtors believe that "cause" exists to waive the investment and deposit restrictions pursuant to Bankruptcy Code section 345(b) to the extent that the Debtors' cash management deposits do not comply.  As set forth in the Cash Management Motion, most of the Debtors' Bank Accounts are zero balance accounts and therefore do not maintain any fund balances overnight.  Therefore, the investments and deposit restrictions of Bankruptcy Code section 345(b) can be waived with respect to these accounts as not applicable.  Further, the Debtors do not make short-term or long-term investments given their current cash management system.

16. To the extent that a Bank Account is construed to have a balance substantial enough to fall within the ambit of Bankruptcy Code section 345 protections, the Debtors believe that the safety presented by Bank of America, N.A. constitutes sufficient cause under Bankruptcy Code section 345(b) to allow the Debtors to deviate from approved investment and deposit practices established by the Bankruptcy Code.  Accordingly, the Debtors respectfully request authority to continue to maintain their Bank Accounts in a safe and prudent manner in accordance with their existing banking practices.

17. In chapter 11 cases such as this, courts in this District have routinely granted requests to approve the continued use of investment and deposit guidelines that do not strictly comply with Bankruptcy Code section 345 but that, as here, nevertheless are safe and prudent.  See, e.g., In re Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009); In re Tweeter Home Entm't Grp., Inc., Case No. 07-10789 (PJW) (Bankr. D. Del.

June 12, 2007) (interim order entered); In re Radnor Holdings Corp., Case No. 06-10894 (PJW) (Bankr. D. Del. Aug. 23, 2006) (interim order); In re Werner Holding Co. (DE), Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 13, 2006); In re Russell-Stanley Holdings, Inc., Case No. 05-12339 (PJW) (Bankr. D. Del. Aug. 22, 2005) (interim order); In re Birch Telecom, Inc., Case No. 05-12237 (PJW) (Bankr. D. Del. Aug. 16, 2005).[3]

18. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

19. The Debtors also request that the Court waive the stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**NOTICE**

20. Notice of this Motion will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the agent for the prepetition lenders; (iii) the parties included

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

on the Debtors' lists of twenty (20) largest unsecured creditors; and (iv) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m) (the "Initial Notice Parties").

21. Within five (5) business days after the entry of the interim order, the Debtors will serve notice of the entry of the interim order on (i) the Initial Notice Parties; and (ii) the Banks.

**NO PRIOR REQUEST**

22. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 2, 2011

*/s/ Mark S. Chehi*
Mark S. Chehi (I.D. No. 2855)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
(302) 651-3001

- and -

Jay M. Goffman
Mark A. McDermott
David M. Turetsky
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000
(212) 735-2000

Proposed Counsel for Debtors and Debtors in Possession

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
FILENE'S BASEMENT, LLC, et al., : Case No. 11-13511 (___)
:
Debtors.[1] : Joint Administration Pending
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x **Related Docket No. __**

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 345 AND DEL. BANKR. L.R. 2015-2(b) WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to Bankruptcy Code sections 105 and 345 and Local Bankruptcy Rule 2015-2(b), waiving investment and deposit requirements; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their shareholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to deposit funds in accordance with the Debtors' established deposit practices and guidelines in effect as of the commencement of these cases and, to the extent that such deposit practices and guidelines are not consistent with the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

[2] Capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

requirements of Bankruptcy Code section 345(b), such requirements are waived for the period from the date of entry of this order through the Final Hearing (as defined below), for good cause shown.

3. The Debtors shall serve notice of the Motion and the entry of this interim order within five (5) business days after entry of this order on (i) the Initial Notice Parties; and (ii) Bank of America, N.A. Any objections to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served upon the Debtors' counsel and the Initial Notice Parties and Bank of America, N.A on or before _____, 2011 at _____. A hearing shall be held before this Court to consider the entry of a final order granting the relief requested in the Motion, which hearing is scheduled for _____, 20__ at _____.

4. This order, and all acts taken in furtherance of or reliance upon this order, shall be effective notwithstanding the filing of an objection to granting the relief sought in the Motion on a final basis. No such act shall be invalidated solely because of the filing or subsequent approval of such an objection.

5. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
_____, 2011

                                          Honorable
                                          UNITED STATES BANKRUPTCY JUDGE