IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :
In re:                             :    Chapter 11
                                   :
FILENE'S BASEMENT, LLC, et al.,    :    Case No. 11-13511 (___)
                                   :
        Debtors.[1]                :    Joint Administration Pending
                                   :
---------------------------------- x

**DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 546 (I) ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS, (II) AUTHORIZING DEBTORS TO RETURN GOODS PURSUANT TO 11 U.S.C. § 546(h) AND (III) PROHIBITING PARTIES FROM INTERFERING WITH THE DELIVERY OF GOODS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, under sections 105(a), 362, and 546 of title 11 of the United States Code (the "Bankruptcy Code"), (i) establishing procedures for addressing reclamation demands; (ii) authorizing, but not directing, the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iii) prohibiting parties from interfering with delivery of goods. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Gary Binkoski in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 362, and 546.

**BACKGROUND**

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek entry of an order:

(a) Establishing procedures for reconciliation of claims made by suppliers and vendors (together, the "Vendors") who make written reclamation demands for materials, supplies, goods, products and related items (collectively, the "Goods") delivered prior to the Petition Date;

(b) Authorizing, but not directing, the Debtors, under Bankruptcy Code section 546(h), to return Goods purchased from Vendors by the Debtors prior to the Petition Date, for credit against such Vendors' prepetition claims, in accordance with prepetition practice; and

(c) Prohibiting Vendors and other third parties from reclaiming or preventing delivery of Goods or products to the Debtors and confirming that, pursuant to Bankruptcy Code sections 105 and 362, third parties are stayed and prohibited from interfering with the delivery of goods and products to the Debtors.

---

2  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**BASIS FOR RELIEF**

5. Allowing Vendors to reclaim or prevent delivery of Goods to the Debtors would create a risk of having inadequate in-store inventory and could disrupt the Debtors' wind-down process, which would be especially damaging because any delay would frustrate the Debtors' ability to capitalize on the upcoming holiday shopping season. During this critical time, the Debtors must dedicate substantial attention and resources to the wind-down process. Absent the relief requested in this Motion, however, the Debtors would be required to expend substantial time and limited resources (a) establishing their right to retain the Goods; (b) contesting or litigating reclamation demands; and/or (c) enforcing their rights with respect to Goods in transit. As a result, there would be a delay and/or disruption in the continuous flow of Goods to the Debtors, causing considerable harm to the Debtors' efforts to maximize the value of their estates. Consequently, the relief requested herein is in the best interests of the Debtors, their estates, their creditors, their shareholders and all parties in interest.

**A.  Procedures for Reconciliation of Reclamation Demands**

6. As a result of the commencement of these cases, the Debtors believe they may receive some written reclamation demands from Vendors with respect to the Goods. The Debtors believe some Vendors, after learning of the commencement of these cases, may attempt to interfere with the delivery of Goods to the Debtors or attempt forcibly to repossess delivered Goods from the Debtors' facilities pursuant to their alleged reclamation rights.

7. The Debtors believe allowing Vendors to exercise reclamation rights without first establishing fair and uniform procedures would severely disrupt the Debtors' wind-down efforts. Further, if the proposed procedures are not approved, the Debtors will wind up facing reclamation claims (each a "Reclamation Demand") on an *ad hoc basis* and, as a result, find the attention of their management and operational personnel diverted. Establishment of

uniform reclamation procedures will avoid piecemeal litigation of Reclamation Demands and the inevitable strain on the Debtors that would accompany such litigation.

8. Accordingly, the Debtors propose the following procedures for processing and reconciling Reclamation Demands:

(a) Any Vendor making a Reclamation Demand must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate the Vendor has satisfied all legal elements entitling it to a right of reclamation.

(b) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand to the following addressees: Filene's Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue El Segundo, CA 90245, with a copy to (i) Filene's Basement, LLC, One Syms Way, Secaucus, New Jersey 07094, Attn.: Laura Brandt; and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Attn: Christopher M. DiVirgilio, Esq.

(c) All Reclamation Demands must include the information required by the Uniform Commercial Code or Bankruptcy Code section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether it has or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of Goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim"); and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(d) On or before the day that is one hundred and twenty (120) days following the Petition Date (the "Reclamation Notice Deadline"), the Debtors shall file a notice (the "Reclamation Notice") listing each Reclamation Claimant and the allowed amount, if any, of such Reclamation Claimant's Reclamation Demand (the "Allowed Reclamation Amount"). The Reclamation Notice shall be served upon the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to each statutory committee appointed in these chapter 11 cases; and (iii) the Reclamation Claimants at the addresses indicated in their Reclamation Demands.

(e) If the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any Reclamation Claimant may file, depending on the relief sought, an adversary proceeding or a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not file an adversary proceeding or any such motion until expiration of the Reclamation Notice Deadline.

(f) Any party who wishes to object to the information set forth in the Reclamation Notice must file and serve, no later than 20 days after the Reclamation Notice is filed (the "<u>Objection Deadline</u>"), an objection (the "<u>Reclamation Notice Objection</u>") including the following information: (i) a copy of the Reclamation Demand and evidence of the date on which it was mailed to the Debtors, (ii) the name of the Debtor that ordered the Goods, (iii) copies of any purchase orders and invoices relating to the Goods, (iv) evidence demonstrating the dates on which the Goods were shipped to and received by the Debtors, and (v) a statement describing with specificity why the Reclamation Notice is incorrect and stating the legal basis, if any, for the Reclamation Notice Objection. The Reclamation Notice Objection shall be served on (i) Filene's Basement, LLC, One Syms Way, Secaucus, New Jersey, 07904, Attn: Laura Brandt; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Christopher M. DiVirgilio, Esq.; (iii) Riemer Braunstein LLP, Seven Times Square, New York, New York 10036, Attn: Maura Russell, Esq. and David Berman, Esq.; (iv) Office of the United States Trustee, J. Caleb Boggs Federal Bldg., 844 North King Street, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Klauder, Esq.; and (v) counsel to any statutory committee appointed in these cases (collectively, the "<u>Notice Parties</u>").

(g) Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of a Reclamation Notice Objection filed and served by the Objection Deadline, shall be deemed a valid Reclamation Demand allowed or disallowed in the amount identified in the Reclamation Notice; <u>provided</u>, <u>however</u>, that all issues relating to the treatment of any such allowed Reclamation Demand shall be reserved.

(h) Notwithstanding, and without limiting, the foregoing, the Debtors are authorized, but not required, to negotiate with any Vendor and to seek an agreement with any Vendor to resolve that Vendor's Reclamation Demand. In the event such an agreement is reached, the Debtors shall prepare a notice of settlement (the "<u>Settlement Notice</u>"), and file and serve on the Notice Parties such Settlement Notice. Parties in interest shall have 10 days from the date on

5

which the Settlement Notice is filed to object to the Settlement Notice (a "<u>Settlement Objection</u>").

(i) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be deemed valid and allowed, disallowed, or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "<u>Settlement Stipulation</u>"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion requesting that the Court resolve the Settlement Objection.

(j) No later than 90 days following the Objection Deadline (or such date as agreed to by the Debtors and the Vendor), the Debtors shall file a motion seeking Court determination of any Reclamation Demands subject to a pending Reclamation Notice Objection that has not been otherwise resolved. The matter shall be set for the next regularly scheduled omnibus hearing, in accordance with appropriate notice, unless another hearing date is agreed to by the parties or ordered by the Court.

(k) Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. Without limiting the foregoing, no Vendor shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.

**B.     Return of Goods**

9.     In the ordinary course of business, the Debtors receive various Goods that may not be up to standards, defective, or otherwise not suitable or necessary for their retail operations. In some cases, the Debtors return the Goods to Vendors. Notwithstanding the filing

of these cases, and the distinction between prepetition and postpetition claims, the Debtors request that they be permitted, in their discretion, to return Goods that were delivered postpetition based on prepetition purchase orders for credit against such prepetition purchase orders, if the Debtors determine that such Goods of are little or no value to the Debtors' estates.

        10.      The Debtors submit that an order approving returns to Vendors for credit against their prepetition claims, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' prepetition financing agreements, to the extent of such interests, is in the best interests of the Debtors' estates. Such relief will enable the Debtors to (a) obtain proper credit for otherwise unusable Goods, cost-effectively and without undue financial risk; and (b) effectively manage inventory, enhancing the value of the Debtors' estates.

**C.**      **Confirming Stay of Third Parties**

        11.      Bankruptcy Code section 362 prohibits third parties from taking actions to, among other things, obtain or exercise control over property of the estate. Moreover, Bankruptcy Code section 105 permits this Court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. The Debtors propose the reclamation procedures set forth herein be the sole and exclusive method of resolving Reclamation Demands. Accordingly, the Debtors request all Vendors be prohibited from seeking any other means for the resolution or other treatment of Reclamation Demands, including, without limitation: (i) commencing adversary proceedings against the Debtors in connection with any reclamation claims except as permitted by the procedures set forth herein; (ii) seeking to regain possession of any Goods except as permitted by the procedures set forth herein; or (iii) interfering with the delivery of any Goods to the Debtors.

## APPLICABLE AUTHORITY

A.  **The Procedures For Reconciliation Of Reclamation Demands Are Appropriate Under Bankruptcy Code Sections 105 And 546(c) And Necessary To Prevent An Inadvertent Duplicative Payment Of Claims Under Bankruptcy Code Section 503(b)(9).**

12. As set forth above, the procedures proposed herein are necessary for the Debtors to process and review, in an efficient and cost-effective manner, the Reclamation Demands of Reclamation Claimants. Bankruptcy Code section 105 permits the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In the event that numerous Reclamation Demands are received, as the Debtors anticipate, the Debtors and their professionals would be unnecessarily distracted from the wind-down process to the detriment of the Debtors and their estates. Moreover, as noted above, in light of the many pressing demands that the Debtors and their professionals will have in the weeks following the Petition Date, the procedures set forth herein will allow the Debtors to fully evaluate any Reclamation Demands received and coordinate this evaluation with the Debtors' review of any 503(b)(9) Claims.

B.  **Bankruptcy Code Section 546(h) Permits The Debtors To Return Goods As Requested In The Motion.**

13. Bankruptcy Code section 546(h) permits a debtor, "with the consent of a creditor and <u>subject to the prior rights of holders of security interests in such goods or proceeds of such goods</u>," to "return goods shipped to the debtor by the creditor before the commencement of the case," for credit against the creditor's prepetition claim, provided that the Court determines (on a motion made no later than 120 days after the order for relief and after notice and hearing) that such return is in the best interests of the estate. 11 U.S.C. § 546(h) (emphasis added).

14. The purpose of Bankruptcy Code section 546(h) is to "relieve the bankruptcy estate of the burden of keeping unwanted or unsaleable goods, and relieve the estate

8

of unnecessary liabilities." 138 Cong. Rec. S8217, at S8266 (daily ed. June 16, 1992) (statement of Sen. Heflin). Through the Motion, the Debtors seek only the relief to which they are entitled under Bankruptcy Code section 546(h). Accordingly, the Debtors should be permitted to return Goods, in their discretion, as permitted by the Bankruptcy Code and as set forth herein.

**C.  Bankruptcy Code Sections 105 And 362 Support Entry Of An Order Prohibiting Reclamation Claimants From Seeking To Reclaim Goods That Have Already Been Delivered Or Interfering With Goods Already In Transit To The Debtors, Absent Further Relief From The Court.**

15. Bankruptcy Code section 546(c)(1) authorizes vendors who have delivered goods to a debtor in the ordinary course of business to reclaim such goods, subject to certain limitations, if: (a) the debtor was insolvent when the goods were received; (b) the goods were received by the debtor within 45 days before the petition date; (c) the seller demanded reclamation in writing; and (d) such demand was made within 45 days after the debtor received possession of the goods (or within 20 days if the 45-day period would expire after the Petition Date). See 11 U.S.C. § 546(c)(1).

16. However, Bankruptcy Code section 546 does not include a waiver of the automatic stay protection afforded by Bankruptcy Code section 362. Accordingly, the automatic stay prohibits reclamation efforts without leave of court. See 11 U.S.C. § 362; see also In re Waccamaw's Homeplace, 298 B.R. 233, 237 (Bankr. D. Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action.").

17. As set forth herein, the Debtors are waiving none of their defenses to any Reclamation Demands. However, provided that Reclamation Claimants first obtain relief from the automatic stay, as required by the Bankruptcy Code, the procedures will not prevent such

9

claimants from exercising or attempting to exercise their purported rights to reclaim possession of Goods under Bankruptcy Code section 546(c).

18. The relief requested herein is commonly granted in this District. See, e.g., In re Solyndra LLC, Case No. 11-12799 (MFW) (Bankr. D. Del. Oct. 17, 2011); In re New Page Corp., Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011); In re Ultimate Acquisition Partners, LP, No. 11-10245 (MFW) (Bankr. D. Del. Feb. 23, 2011); In re Plumbing Holdings Corp., Case No. 09-14413 (CSS) (Bankr. D. Del. Jan. 11, 2010); In re Proliance Int'l, Inc., Case No. 09-12278 (CSS) (Bankr. D. Del. July 29, 2009); In re Sun-Times Media Grp., Inc., No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009); In re Tweeter Home Entm't Grp., Inc., Case No. 07-10787 (PJW) (Bankr. D. Del. June 14, 2007); and In re Radnor Holdings Corp., Case No. 06-10894 (PJW) (Bankr. D. Del. Aug. 23, 2006).[3]

## RESERVATION OF RIGHTS

19. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## WAIVER OF ANY APPLICABLE STAY

20. The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the

---

3 Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

21. Notice of this Motion will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the agent for the prepetition lenders; (iii) the parties included on the Debtors' lists of twenty (20) largest unsecured creditors; and (iv) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).

## NO PRIOR REQUESTS

22. No previous request for the relief sought herein has been made to Court this or any other court.

# CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  Wilmington, Delaware
         November 2, 2011

/s/ *Mark S. Chehi*
Mark S. Chehi (I.D. No. 2855)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
(302) 651-3001

- and -

Jay M. Goffman
Mark A. McDermott
David M. Turetsky
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000
(212) 735-2000

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
FILENE'S BASEMENT, LLC, et al.,               :    Case No. 11-13511 (___)
                                              :
             Debtors.¹                        :    Joint Administration Pending
                                              :
                                              :    Related Docket No. __
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 546 (I) ESTABLISHING PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS, (II) AUTHORIZING DEBTORS TO RETURN GOODS UNDER 11 U.S.C. § 546(h) AND (III) PROHIBITING PARTIES FROM INTERFERING WITH THE DELIVERY OF GOODS**

Upon the motion (the "<u>Motion</u>")² of the Debtors for an order, under Bankruptcy Code sections 105(a), 362, and 546, (i) establishing procedures for addressing reclamation demands; (ii) authorizing, but not directing, the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iii) prohibiting parties from interfering with delivery of goods; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

---

¹ The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The procedures for the processing and reconciliation of Reclamation Demands, if any, set forth in the Motion, including the following are hereby approved:

(a) Any Vendor making a Reclamation Demand must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate the Vendor has satisfied all legal elements entitling it to a right of reclamation.

(b) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand to the following addressees: Filene's Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue El Segundo, CA 90245, with a copy to (i) Filene's Basement, LLC, One Syms Way, Secaucus, New Jersey 07094, Attn.: Laura Brandt; and (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899-0636, Attn: Christopher M. DiVirgilio, Esq.

(c) All Reclamation Demands must include the information required by the Uniform Commercial Code or Bankruptcy Code section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether it has or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of Goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim"); and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(d) On or before the day that is one hundred and twenty (120) days following the Petition Date (the "Reclamation Notice Deadline"), the Debtors shall file a notice (the "Reclamation Notice") listing each Reclamation Claimant and the allowed amount, if any, of such Reclamation Claimant's Reclamation Demand (the "Allowed Reclamation Amount"). The Reclamation Notice shall be served upon the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to each statutory committee appointed in these chapter 11 cases; and (iii) the Reclamation Claimants at the addresses indicated in their Reclamation Demands.

(e) If the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any Reclamation Claimant may file, depending on the relief sought, an adversary proceeding or a motion on its own behalf to seek relief with respect to its Reclamation Demand, but may not file an adversary proceeding or

any such motion until expiration of the Reclamation Notice Deadline.

(f) Any party who wishes to object to the information set forth in the Reclamation Notice must file and serve, no later than 20 days after the Reclamation Notice is filed (the "Objection Deadline"), an objection (the "Reclamation Notice Objection") including the following information: (i) a copy of the Reclamation Demand and evidence of the date on which it was mailed to the Debtors, (ii) the name of the Debtor that ordered the Goods, (iii) copies of any purchase orders and invoices relating to the Goods, (iv) evidence demonstrating the dates on which the Goods were shipped to and received by the Debtors, and (v) a statement describing with specificity why the Reclamation Notice is incorrect and stating the legal basis, if any, for the Reclamation Notice Objection. The Reclamation Notice Objection shall be served on (i) Filene's Basement, LLC, One Syms Way, Secaucus, New Jersey, 07904, Attn: Laura Brandt; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Christopher M. DiVirgilio, Esq.; (iii) Riemer Braunstein LLP, Seven Times Square, New York, New York 10036, Attn: Maura Russell, Esq. and David Berman, Esq.; (iv) Office of the United States Trustee, J. Caleb Boggs Federal Bldg., 844 North King Street, Room 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Klauder, Esq.; and (v) counsel to any statutory committee appointed in these cases (collectively, the "Notice Parties").

(g) Any Reclamation Demand that is included in the Reclamation Notice and is not the subject of a Reclamation Notice Objection filed and served by the Objection Deadline, shall be deemed a valid Reclamation Demand allowed or disallowed in the amount identified in the Reclamation Notice; provided, however, that all issues relating to the treatment of any such allowed Reclamation Demand shall be reserved.

(h) Notwithstanding, and without limiting, the foregoing, the Debtors are authorized, but not required, to negotiate with any Vendor and to seek an agreement with any Vendor to resolve that Vendor's Reclamation Demand. In the event such an agreement is reached, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), and file and serve on the Notice Parties such Settlement Notice. Parties in interest shall have 10 days from the date on which the Settlement Notice is filed to object to the Settlement Notice (a "Settlement Objection").

(i) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be

3

deemed valid and allowed, disallowed, or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion requesting that the Court resolve the Settlement Objection.

(j) No later than 90 days following the Objection Deadline (or such date as agreed to by the Debtors and the Vendor), the Debtors shall file a motion seeking Court determination of any Reclamation Demands subject to a pending Reclamation Notice Objection that has not been otherwise resolved. The matter shall be set for the next regularly scheduled omnibus hearing, in accordance with appropriate notice, unless another hearing date is agreed to by the parties or ordered by the Court.

(k) Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. Without limiting the foregoing, no Vendor shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.

2. The foregoing procedures are the sole and exclusive method for resolution and payment of Reclamation Demands. All Vendors are prohibited from seeking any other means for the resolution or treatment of their Reclamation Demands, including, without limitation: (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Demands except as specifically provided herein; (ii) seeking to obtain possession of any Goods except as specifically provided herein; or (iii) interfering with the delivery of Goods to the Debtors.

3. Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Demands.

4. The Debtors have not waived, and have expressly reserved, their right to assert any and all defenses to any Reclamation Demands.

5. Reclamation Demands that are determined, in accordance with the procedures set forth herein, to be valid Reclamation Demands pursuant to the Bankruptcy Code, shall be allowed in the amount established in accordance with the procedures set forth herein; provided, that all issues relating to the treatment of any such allowed Reclamation Demand shall be reserved.

6. Nothing in the Motion or this order shall be deemed to constitute the postpetition assumption of any executory contract between the Debtors and any third-party.

7. The Debtors are authorized, but not obligated, under Bankruptcy Code section 546(h), subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' prepetition financing agreements, to the extent of such interests, to return to Vendors the Goods that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims.

8. Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim Goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c), or from filing a claim under Bankruptcy Code section 503(b)(9) consistent with applicable orders of this Court.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
_____, 2011

_____
Honorable
UNITED STATES BANKRUPTCY JUDGE