IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FILENE'S BASEMENT, LLC, et al., | : | Case No. 11-13511 (___) |
| Debtors.[1] | : | Joint Administration Pending |

**DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(8) AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION SALES, USE AND OTHER SUCH TRUST FUND TAXES AND RELATED OBLIGATIONS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 507(a)(8), and 541 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, the Debtors to remit and pay sales and use taxes, and such other trust fund taxes as the Debtors, in their discretion, deem necessary to various federal, state, county and city taxing and licensing authorities (the "Taxing Authorities"), and (ii) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Gary Binkoski in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 507(a)(8), and 541. Such relief is also warranted pursuant to Bankruptcy Rule 6003.

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

4. By this Motion, the Debtors request entry of an order, pursuant to Bankruptcy Code sections 105, 507(a)(8), and 541, and Bankruptcy Rule 6003 authorizing, but not directing, them to pay prepetition sales, use and other similar "trust fund" taxes (the "Taxes") to the respective Taxing Authorities in the approximate amount of $1.65 million. Such relief

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

will be without prejudice to the Debtors' rights to contest the amounts of any Taxes on any grounds they deem appropriate.

5. Further, the Debtors request entry of an order authorizing and directing the Debtors' banks and other financial institutions, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Taxes whether such checks or other requests were submitted prior to or after the Petition Date. The Debtors further request that the Debtors' banks and financial institutions be authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid in respect of Taxes, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Finally, the Debtors request authorization to issue checks or provide for other means of payment to the Taxing Authorities, to the extent necessary to pay Taxes.

**BASIS FOR RELIEF**

6. Prior to the Petition Date, the Debtors in their ordinary course of business, incurred various Taxes, including state and local sales and use tax liabilities. Sales and use taxes accrue as the Debtors sell merchandise or consume goods and are calculated on the basis of statutorily mandated percentages of the price at which the Debtors' merchandise is sold and/or cost of merchandise consumed. As of the Petition Date, the Debtors were substantially current in the payment of assessed and undisputed Taxes; however, certain Taxes attributable to the prepetition period were not yet due. The Debtors estimate they may be liable for approximately $1.65 million in Taxes.

7. The continued payment of the Taxes on their normal due dates will ultimately preserve the resources of the Debtors' estates, thereby creating a greater recovery for

creditors and stakeholders. If such obligations are not timely paid, the Debtors will be required to expend time and incur attorneys' fees and other costs to resolve a multitude of issues related to such obligations, each turning on the particular terms of each Taxing Authority's applicable laws, including whether the obligations are proratable or fully prepetition or postpetition, and whether penalties, interest, and attorneys' fees and costs can continue to accrue on a postpetition basis, and, if so, whether such penalties, interest, and attorneys' fees and costs are priority, secured or unsecured in nature.

8. Further, the Debtors believe the Taxes constitute trust funds that are not included in property of the Debtors' estates, and/or obligations as to which the Debtors' officers and directors may have personal liability in the event of nonpayment. Efforts by Taxing Authorities to collect such trust funds would provide obvious distractions to the Debtors and their officers and directors in their efforts to maximize the value of the estates.

9. Finally, certain Taxing Authorities either have not been paid or have been sent checks and/or wires for Taxes that may or may not have been presented or cleared as of the Petition Date. Similarly, in other cases, obligations have accrued or are accruing, or are subject to audit or review, but have not yet become due and payable. Accordingly, the Debtors seek authorization for their banks to honor prepetition checks and wires issued by the Debtors to the Taxing Authorities in payment of prepetition Taxes that, as of the Petition Date, have not cleared or been transferred. In addition, to the extent the Debtors have not yet sought to remit payment to the Taxing Authorities with respect to certain Taxes, the Debtors seek authorization to issue checks or provide for other means of payment to the Taxing Authorities as necessary to pay the Taxes.

## APPLICABLE AUTHORITY

### A. Payment of Certain Taxes are Authorized Under Bankruptcy Code Section 541.

10. Although the Debtors have not conducted an exhaustive survey of all states in which the Taxes are due, the Debtors believe that the Taxes constitute so-called trust fund obligations that are required to be collected from third parties and held in trust for payment to the taxing and regulatory authorities. See, e.g., Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.), 997 F.2d 1039, 1051 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of debtor's estate); Shank v. Wash. State Dep't of Revenue (In re Shank), 792 F.2d 829, 830 (9th Cir. 1986) (same); DeChiaro v. N.Y. State Tax Comm'n, 760 F.2d 432, 433-34 (2d Cir.1985) (sales tax required by state law to be collected by sellers from their customers is "trust fund" tax).

11. Consequently, the funds that would be used to pay the trust fund Taxes are not property of the Debtors' estates within the meaning of Bankruptcy Code section 541. See Begier v. IRS, 496 U.S. 53, 55-67 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property of estate); In re Al Copeland Enters., Inc., 133 B.R. 837, 842 (Bankr. W.D. Tex. 1991) (debtor obligated to pay sales taxes plus interest, because such taxes were "trust fund" taxes), aff'd, 991 F.2d 233 (5th Cir. 1993); In re Am. Int'l Airways, Inc., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise and withholding taxes are not property of debtor's estate and, therefore, not available for distribution to creditors); Shipley Co. v. Darr (In re Tap, Inc.), 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (funds paid by employer to debtor for payment of employer's federal taxes were returnable to employer and not part of debtor's estate).

**B. Payment of the Taxes is Appropriate Under Bankruptcy Code Section 507(a)(8)**

12. To the extent that the Taxes are priority claims pursuant to Bankruptcy Code section 507(a)(8) their payment should be authorized on the basis that they are required to be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied.

13. Because of the likelihood that the Taxes constitute priority claims under Bankruptcy Code section 507(a)(8), the Debtors' payment of the Taxes now, in all likelihood, will affect only the timing of the payments and not the amounts to be received by the Taxing Authorities. Moreover, by paying legitimate tax claims now, the Debtors will avoid any unnecessary fees, interest or penalties that might otherwise accrue. Other creditors, stakeholders and other parties in interest, therefore, will not be prejudiced if the relief sought herein is granted by this Court.

**C. Payment of the Taxes is also Appropriate Under Bankruptcy Code Section 105 and the Doctrine of Necessity.**

14. The proposed payments of the Taxes should, alternatively, be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity." Bankruptcy Code section 105(a) authorizes this Court to "issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). For the reasons set forth herein, and in light of the need for the Debtors to maximize the value of their estates through, among other things, avoiding the cost and expense of audits or litigation regarding the Taxes and avoiding severe disruptions to their operations, payment of the Taxes as requested herein is proper in accordance with Bankruptcy Code section 105.

15. To the extent that any "trust fund" taxes remain unpaid by the Debtors, their officers may be subject to lawsuits or criminal prosecution during the pendency of these

chapter 11 cases. Some states hold corporate officers personally liable for unpaid sales and use taxes in certain circumstances. See e.g., John F. Olsen, et. al., Director & Officer Liability: Indemnification and Insurance § 3:21 (2003) ("[S]ome states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation regardless of cause"). Such potential lawsuits would prove extremely disruptive for the Debtors, for the named officers and directors whose attention to the chapter 11 process is required, and for this Court, which might be asked to entertain various requests for injunctions with respect to the potential state court actions against such individuals. Even the possibility of any such lawsuit or criminal prosecution would certainly distract the Debtors and their officers from their efforts in these chapter 11 cases.

16. Payment of the Taxes is further supported by the doctrine of necessity. The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment);[3] see also In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit the pre-plan payment of a prepetition obligation when essential to the continued operation of the

---

[3] The Court's power to utilize the doctrine of necessity in chapter 11 cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The United States Supreme Court first articulated the doctrine of necessity over a century ago, in Miltenberger v. Logansport Ry. Co., 106 U.S. 286 (1882), in affirming the authorization by the lower court of the use of receivership funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership. See id. at 309-14. The modern application of the doctrine of necessity is largely unchanged from the Court's reasoning in Miltenberger. See In re Lehigh & New Eng. Ry. Co., 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the [debtor's] continued operation . . . in serious jeopardy.").

debtor."); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of prepetition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the chapter 11 process.").

17. The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. See Just For Feet, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); In re Payless Cashways, Inc., 268 B.R. 543, 547-48 (Bankr. W.D. Mo. 2001) (authorizing payment of critical prepetition supplier' claims when such suppliers agree to provide postpetition trade credit), aff'd, 306 B.R. 243 (B.A.P. 8th Cir. 2004), aff'd, 394 F.3d 1082 (8th Cir. 2005); see also In re Columbia Gas Sys., Inc., 171 B.R. 189, 191-92 (Bankr. D. Del. 1994); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

18. Without question, the payment of the Taxes is necessary here. It is in the best interest of the Debtors' estates that the Taxes be paid on time so as to avoid any disruptions. Delayed payment of the Taxes may cause the Taxing Authorities to take precipitous action, including a marked increase in state audits, a flurry of lien filings, and significant administrative maneuvering at the expense of the Debtors' time and resources. Prompt and regular payment of the Taxes will avoid this unnecessary governmental action.

19. Based on the foregoing, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## RESERVATION OF RIGHTS

20. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

21. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm . . .". Fed. R. Bankr. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm). The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. See, e.g., Norfolk S. Ry. Co. v. City of Pittsburgh, 235 F. App'x 907, 910 (3d Cir. 2007) (citing Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated. See, e.g., Acierno v. New Castle County, 40 F.3d 645, 653-55 (3d Cir. 1994). The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## WAIVER OF ANY APPLICABLE STAY

22. The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

23. Notice of this Motion will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the agent for the prepetition lenders; (iii) the parties included on the Debtors' lists of twenty (20) largest unsecured creditors; and (iv) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m).

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
November 2, 2011

*/s/ Mark S. Chehi*
Mark S. Chehi (I.D. No. 2855)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
(302) 651-3001

- and -

Jay M. Goffman
Mark A. McDermott
David M. Turetsky
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000
(212) 735-2000

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FILENE'S BASEMENT, LLC, et al., | : | Case No. 11-13511 (___) |
| Debtors.[1] | : | Joint Administration Pending |
| | | **Related Docket No. __** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(8), AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION SALES, USE AND OTHER SUCH TRUST FUND TAXES AND RELATED OBLIGATIONS**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 507(a)(8), and 541 and Bankruptcy Rule 6003 authorizing, but not directing, the Debtors to remit and pay sales and use taxes, and such other trust fund taxes (the "Taxes") as the Debtors, in their discretion, deem necessary to various federal, state, county and city taxing and licensing authorities (the "Taxing Authorities") and (ii) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates,

---

1 The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

2 Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

creditors, stakeholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefore, it is

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized, but not directed, in their sole discretion, to pay all prepetition Taxes owing to Taxing Authorities in the ordinary course of their businesses in an aggregate amount up to $1.65 million.

3. All applicable banks and other financial institutions are hereby authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Taxes whether such checks or other requests were submitted prior to or after the Petition Date.

4. The Debtors' banks and other financial institutions are authorized rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for this order.

5. To the extent the Debtors have not yet sought to remit payment to the Taxing Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Taxing Authorities, to the extent necessary to pay Taxes.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Taxing Authority.

7. Nothing in the Motion or this order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Taxes allegedly due or owing to any Taxing Authorities, and all of the Debtors' rights with respect thereto are hereby reserved.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
_______________, 2011

_____________________________________________
Honorable
UNITED STATES BANKRUPTCY JUDGE