IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
FILENE'S BASEMENT, LLC, et al., : Case No. 11-13511 (KJC)
: 
Debtors.[1] : Joint Administration Pending
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF BENJAMIN L. NORTMAN IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363(b), 364(e), 365(a) AND 554(a), BANKRUPTCY RULES 2002, 6003, 6004, 9006(c), AND 9014 AND LOCAL RULES 2002-1 AND 9006-1 (A) SCHEDULING A HEARING AND APPROVING THE FORM AND MANNER OF NOTICE OF THE MOTION AND HEARING THEREON AND (B)(I) APPROVING THE DEBTORS' ENTRY INTO AGENCY AGREEMENT, (II) AUTHORIZING THE DEBTORS TO SELL CERTAIN ASSETS THROUGH STORE CLOSING SALES, (III) AUTHORIZING THE DEBTORS TO ABANDON UNSOLD PROPERTY, (IV) WAIVING COMPLIANCE WITH CONTRACTUAL STORE CLOSING SALE RESTRICTIONS AND EXEMPTING THE DEBTORS FROM STATE WAGE PAY REQUIREMENTS AND LAWS RESTRICTING STORE CLOSING SALES, (V) AUTHORIZING THE DEBTORS' ASSUMPTION OF OCTOBER AGENCY AGREEMENT AND (VI) GRANTING RELATED RELIEF**

I, Benjamin L. Nortman, being duly sworn, hereby depose and say:

1. I am over the age of 18 and competent to testify to the matters set forth herein.

## BACKGROUND

2. Currently, I am an Executive Vice President of Hilco Merchant Resources, LLC ("Hilco"), located at 5 Revere Drive, Suite 206, Northbrook, Illinois 60062. Prior to joining Hilco in 1996, I was an attorney at Jones, Day, Reavis & Pogue and Holleb & Coff.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

3. I submit this declaration ("Declaration") on behalf of a contractual joint venture comprised of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "Agent") in support of the Debtors' Emergency Motion for Entry of Orders Pursuant to Bankruptcy Code sections 105(a), 363(b), 364(e), 365(a) and 554(a), Bankruptcy Rules 2002, 6003, 6004, 9006(c), and 9014 and Local Rules 2002-1 and 9006-1 (A) Scheduling a Hearing and Approving the Form and Manner of Notice of the Motion and Hearing Thereon and (B)(I) Approving the Debtors' Entry into Agency Agreement, (II) Authorizing the Debtors to Sell Certain Merchandise Through Store Closing Sales, (III) Authorizing the Debtors to Abandon Unsold Property, (IV) Waiving Compliance with Contractual Store Closing Sale Restrictions and Exempting the Debtors from Certain State Wage Pay Requirements and Laws Restricting Store Closing Sales, (V) Authorizing the Debtors' Assumption of October Agency Agreement, and (VI) Granting Related Relief (the "Motion").

4. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief or upon records kept in the ordinary course of business that were reviewed by me or other senior employees of Hilco who are working on this matter with me. If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

**THE NEED FOR COURT APPROVAL BY NOVEMBER 10, 2011**

5. I believe that it is critical, if the Debtors are to maximize value for their stakeholders, that they commence the going-out-of-business sales ("GOB Sales") as soon as possible, and in any event, no later than November 10, 2011, for several important reasons.

6. First, the Thanksgiving and Christmas shopping seasons are by far the most important selling seasons for retailers, including the Debtors, and these all-important selling

seasons are now virtually upon us. Additionally, the Veterans Day holiday is November 11, 2011, and represents another important holiday shopping weekend that should enhance value for the benefit of the Debtors' estates. If the GOB Sales do not commence by November 11, 2011, the Debtors will lose the potential benefits of sales during that holiday weekend.

7. Moreover, the guaranteed amount that the Agent is willing to pay to conduct GOB Sales will likely decrease as the non-GOB sales continue. Specifically, the Debtors have not been receiving new inventory in their distribution centers and stores in the ordinary course of business and have advised the Agent that they do not expect to receive new inventory post-petition. As the Debtors continue to sell inventory outside of the GOB Sales and do not replenish the inventory in the ordinary course of business, the guaranteed amount will likely decrease in accordance with the Agency Agreement if the inventory levels fall below the threshold provided in the Agency Agreement.

8. To attempt to compensate for the fact that the Debtors are not and will not replenish their inventory in the ordinary course of business, and to enhance sales sales during the GOB Sales' process, the Agent intends to supplement the Debtors inventory with additional goods. Thereby the Agent will improve the "mix" of inventory and hence, maximize value for the benefit of the Debtors' stakeholders. Supplemental inventory is critical to the Debtors' ability to maximize the value of these estates, as the Debtors will receive the benefit of 60/40 sharing of the net proceeds of any such inventory under the Agency Agreement.

9. However, to ensure the supplemental inventory is received in time for the critically important "Black Friday" shopping day after Thanksgiving, the Agent needs time to order such supplemental inventory. If the commencement of the GOB Sales process is delayed

past November 10, 2011, there is a substantial risk that supplemental inventory ordered by the Agent may not arrive at the Debtors' stores in time for Black Friday.

10. Finally, a delay of the sale commencement date past November 10, 2011, could force the sale to continue into January. Historically, sales conducted during January are generally lower volume shopping days. Consequently it could take the Agent longer to sell through the inventory at deeper discounts than would otherwise be necessary if the GOB Sales ended in December, which will likely occur if the GOB Sales start on November 11, 2011.

11. In addition to the possibility of lower recovery from sales during January, the Debtors could be burdened with additional leasehold administrative expenses for the entire month of January and potentially 2011 tax bills that come in during January 2012.

12. For the reasons set forth herein, I think it imperative that an order be entered by November 10, 2011, authorizing commencement of the GOB Sales on November 11, 2011, as doing so will enhance the Debtors' prospects of maximizing the value of their estates and reduce administrative costs.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 2, 2011

                                                   /s/ Benjamin L. Nortman