IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FILENE'S BASEMENT, LLC, et al., | : | Case No. 11-13511 (KJC) |
| Debtors.[1] | : | Jointly Administered |
| | : | Hrg. Date: 8/16/12 at 2:30 p.m.<br>Obj. Due: 8/9/12 at 4:00 p.m. |

**DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) APPROVING USE OF SYMS CORP. ESTATE FUNDS TO PAY FEES OF AND REIMBURSE EXPENSES INCURRED BY <u>COUNSEL TO THE INDEPENDENT DIRECTORS OF SYMS CORP.</u>**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>") hereby move (the "<u>Motion</u>") for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") approving the use of Syms Corp. ("<u>Syms</u>") estate funds to pay the fees of and reimburse expenses incurred by counsel to the independent directors of Syms (the "<u>Independent Directors</u>"). In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Debtors' address is One Syms Way, Secaucus, New Jersey 07094.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 363(b).

## BACKGROUND

3. On November 2, 2011 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of Gary Binkoski in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.

4. On November 8, 2011, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in these chapter 11 cases pursuant to Bankruptcy Code section 1102. On November 15, 2011, the U.S. Trustee appointed an Official Committee of Syms Corp. Equity Security Holders (the "Equity Committee" and, together with the Creditors' Committee, the "Official Committees") in these chapter 11 cases pursuant to Bankruptcy Code section 1102.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order approving the use of Syms estate funds to pay the fees of and reimburse expenses incurred by counsel to the Independent Directors, Pepper Hamilton LLP, in providing post-petition advice to the Independent Directors on account of matters arising post-petition in connection with the Independent Directors' discharge of their fiduciary duties.

## BASIS FOR RELIEF

6. As this Court is aware, Syms is a public company. Ms. Marcy Syms, who serves as chair of the board of directors and chief executive officer, owns or controls 54.7% of

Syms' common stock. Syms' board is comprised of four members: Ms. Syms and three Independent Directors. Shortly after the commencement of these chapter 11 cases, and in anticipation of Syms' and the board members' need to consider a range of evolving, strategic alternatives, including possible alternatives that could involve Ms. Syms as majority shareholder, the Debtors' restructuring advisors suggested that, as a matter of corporate governance best practices, Ms. Syms and the Independent Directors should consider retaining separate counsel. Ms. Syms thereafter retained Duane Morris LLP, and the Independent Directors thereafter retained Pepper Hamilton LLP.

7.  During the course of these cases, the Independent Directors have had several meetings and other communications with the Debtors' counsel, outside the presence of Ms. Syms and the Debtors' management, on matters implicating the Debtors and their estates. In each case, they also have separately consulted with Pepper Hamilton LLP. They have done so in furtherance of their fiduciary duties to all stakeholders in these cases, and to ensure that evolving plan discussions that have now culminated in a possible plan transaction involving Ms. Syms were properly considered by disinterested board members. The fees and expenses of Pepper Hamilton LLP have been modest – approximately $42,000 as of July 25, 2012. But the services it has provided have been critical to these cases and to the maintenance and observation of corporate governance best practices. The Debtors therefore request authority to pay these amounts and others that may be incurred, up to $60,000 for the pre-confirmation period without prejudice to indemnification obligations for amounts incurred post-confirmation, without further Court order.

8.  Syms is a New Jersey corporation. The New Jersey Business Corporation Act authorizes New Jersey corporations such as Syms to pay directors' legal fees. N.J.S.A. §

14A:3-5.[2]  Syms' certificate of incorporation separately obligates Syms to do so.  The Independent Directors have fiduciary duties to maximize the value of Syms' shares.  In doing so, they are entitled to rely on the informed advice of counsel and other advisors.  N.J.S.A. § 14A:6-14.  Because of these legal requirements, Syms' obligations to the pay the Independent Directors' legal fees arguably may be honored in the ordinary course without Court approval.  At a minimum, such fees arguably are entitled to administrative expense priority under section 503 of the Bankruptcy Code.  Even if not entitled to priority, because Syms is solvent, the Independent Directors' claims for payment of their legal fees are entitled to be paid in full in any event.

9. While the Debtors respectfully believe that Court approval is not required to continue their ordinary course practice of paying fees of and reimbursing expenses incurred by counsel to the Independent Directors, the Debtors have determined, out of an abundance of caution, to request formal approval of such payments under section 363(b) of the Bankruptcy Code.  The ability to pay the fees of and reimburse expenses incurred by counsel to the Independent Directors is critical to the Debtors' ongoing efforts to maintain proper corporate governance and to resolve these chapter 11 cases and successfully emerge from bankruptcy.  Accordingly, the Debtors believe that such payments are a proper exercise of their business judgment, are necessary to their reorganization, and should be approved.

## APPLICABLE AUTHORITY

10. Under section 363(b)(1) of the Bankruptcy Code, a debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  In determining whether to authorize a debtor-in-

---

[2]  Similarly, the Sarbanes-Oxley Act provides that audit committees of corporate boards "shall have the authority to engage independent counsel and other advisers," and corporations "shall provide for appropriate funding . . . for payment of compensation . . . to any advisers employed by the audit committee." 15 U.S.C. § 78f(m). The Independent Directors constitute Syms' audit committee.

4

possession to use property under section 363(b)(1), courts require the debtor-in-possession to demonstrate that a sound business purpose justifies its actions. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Co. (In re Montgomery Ward Holding Co.), 242 B.R. 147, 153 (D. Del. 1999); In re Delaware Hudson Ry. Co., 124 B.R. 169, 179 (Bankr. D. Del. 1991). The same test applies to authorization to pay the fees of and reimburse expenses incurred by counsel to a debtor's directors. In re Enron Corp., 335 B.R. 22, 27-32 (S.D.N.Y. 2005) (affirming bankruptcy court's authorization of payment of fees of special counsel to debtors' directors under section 363).

        11.     Once the debtor has articulated a valid business purpose, courts consider whether relief is justified under the business judgment test. See, e.g., Dai-Ichi Kangyo Bank, 242 B.R. at 153; Hudson Ry Co., 124 B.R. at 176; Lionel Corp., 722 F.2d at 1071. "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). The business judgment rule has vitality in chapter 11 cases and presumes that a debtor's management decisions are reasonable. See, e.g., Integrated Resources, 147 B.R. at 656; Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

        12.     Bankruptcy courts in this and other districts have approved the use of estate funds to pay the fees of and reimburse expenses incurred by counsel to a debtor's

independent directors.  See, e.g., In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Sept. 6, 2006) (requiring, upon debtors' request, debtors to reimburse directors' attorneys' fees and expenses in connection with investigation by creditors' committee); In re RNI Wind Down Corp., Case No. 06-10110 (CSS) (Bankr. D. Del. July 17, 2006) (authorizing debtors to reimburse directors' attorneys' fees and expenses in connection with investigation by equity committee); In re THCR/LP Corp., Case No. 04-46898 (JHW) (Bankr. D.N.J. Jan. 3, 2005) (authorizing debtors to reimburse independent directors' attorneys' fees and expenses in connection with ongoing chapter 11 cases); In re Kmart Corp., Case No. 02-2474 (Bankr. N.D. Ill. Aug. 29, 2002) (authorizing debtors to reimburse directors' attorneys' fees and expenses in connection with ongoing chapter 11 cases); In re Enron Corp., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 29, 2002) (authorizing debtors to reimburse certain employees' attorneys' fees and expenses in connection with ongoing investigations).  Accordingly, the Debtors respectfully request that this Court approve the use of Syms estate funds to pay the fees of and reimburse expenses incurred by counsel to the Independent Directors.

**NOTICE**

13.     Notice of this Motion will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Debtors' prepetition lenders; (iii) counsel to the Creditors' Committee; (iv) counsel to the Equity Committee; and (v) all parties who have filed requests for service of papers pursuant to Bankruptcy Rule 2002.  The Debtors submit that under the circumstances no other or further notice is necessary.

**NO PRIOR REQUEST**

14.     No previous request for the relief sought herein has been made to this Court or any other court.

6

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto (i) approving the use of Syms estate funds to pay the fees of and reimburse expenses incurred by counsel to the Independent Directors, and (ii) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       July 26, 2012

                                 */s/ Jason M. Liberi*
                                 Mark S. Chehi (I.D. No. 2855)
                                 Jason M. Liberi (I.D. No. 4425)
                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                 One Rodney Square
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000
                                 (302) 651-3001

                                 - and –

                                 Jay M. Goffman
                                 Mark A. McDermott
                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                 Four Times Square
                                 New York, New York 10036-6522
                                 (212) 735-3000
                                 (212) 735-2000

                                 Counsel for Debtors and Debtors in Possession

688263-Wilmington Server 1A - MSW