## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| FILENE'S BASEMENT LLC, *et al.*, | Case No. 11-13511 (KJC) |
| Reorganized Debtors. | **Hearing Date: May 28, 2014 @10 a.m.**<br>**Objections Due: May 27, 2014 @10 a.m.** |

## MOTION OF THE UNITED STATES TRUSTEE
## FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS
## RESPONSIVE TO THE UNITED STATES TRUSTEE'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO
## <u>APPLICANTS VORNADO REALTY TRUST AND RABINA PROPERTIES LLC</u>

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned attorneys, hereby moves for an order compelling production of documents responsive to the United States Trustee's First Set of Requests for Production of Documents Directed to Applicants Vornado Realty Trust and Rabina Properties LLC (the "Motion"), and in support of that Motion states as follows:

### PRELIMINARY STATEMENT

1.      This Motion concerns discovery relating to the application of two members of the Official Committee of Unsecured Creditors in these cases, Vornado Realty Trust and Rabina Properties LLC (collectively the "Applicants"), for Payment of Professional Fees and Expenses Pursuant to Sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code (the "Substantial Contribution Application").  *See* Dkt. No. 2244.  By the Substantial Contribution Application, the Applicants seek payment of the fees and expenses of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), which firm represented the Applicants' individual interests in the Filene's Basement cases.  In January of this year, the U.S. Trustee served her First Set of

Requests for Production of Documents directed to the Applicants (the "Rule 7034 Request"),
copy attached as **Exhibit A** hereto.  The Rule 7034 Request expressly sought documents within
the possession, custody or control of the Applicants, as provided by Bankruptcy Rule 7034(a)(1),
which would include documents in the possession of the Applicants' counsel, Fried Frank.
However, despite Fried Frank having assured counsel for the U.S. Trustee this past April that
"all" non-privileged responsive documents had been produced, the U.S. Trustee has recently
learned from Fried Frank that it did not search for and produce documents from their own files in
response to the Rule 7034 Request.  Production from Fried Frank's records is especially critical
in this contested matter because the issues on the Applicants' substantial contribution application
revolve primarily around the role played by Fried Frank in negotiating a settlement that was
incorporated into the Debtors' plan in these cases.

       2.      On May 8, 2014, the U.S. Trustee served two Fried Frank attorneys with
subpoenas duces tecum seeking production of just two categories of documents that are
especially important in connection with the Substantial Contribution Application.  *See* Dkt. Nos.
3000, 3001.   The Applicants have moved to quash those subpoenas.  *See* Dkt. No. 3018.   While
the U.S. Trustee does not believe there is any basis to quash those subpoenas, regardless of how
the Court may rule on that motion, the Applicants should be compelled to cause Fried Frank and
any other of their agents who hold documents responsive to the U.S. Trustee's Rule 7034
Request, which is not the subject of any motion of the Applicants, to produce all responsive
documents.   Given that depositions in these cases are scheduled to begin in the first week of
June, it would be preferable to obtain such documents by no later than May 30, 2014.

**JURISDICTION**

3.       Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District

Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. §

157(b)(2), this Court has jurisdiction to hear and determine the this Motion.

4.       Pursuant to 28 U.S.C. § 586(a)(3), the "U. S. Trustee is charged with

administrative oversight of the bankruptcy system in this District.  Such oversight is part of the

"U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and

interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re*

*Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the "U. S. Trustee

has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir.

1990) (describing the "U. S. Trustee as a "watchdog").

5.       Moreover, under 28 U.S.C. § 586 (a)(3) the U.S. Trustee is tasked with

"reviewing . . . applications filed for compensation and reimbursement" and "if . . . appropriate,

[filing] objections to such application[s]."

6.       Under 11 U.S.C. § 307, the U. S. Trustee has standing to be heard on the issues

raised by this Motion.

**FACTS**

7.       On November 13, 2012,  Rabina and Vornado filed their Substantial Contribution

Application.  *See* Dkt. No.  2244.

8.       On June 24, 2013, the U.S. Trustee filed its objection to the Substantial

Contribution Application.  *See* Dkt. No.  2580.

9.       On January 17, 2014, the U.S. Trustee served her Rule 7034 Request, a copy of

which is attached hereto as **Exhibit A**.[1]    *See* Notice of Service, Dkt. No. 2780.

  10. The Rule 7034 Request expressly sought documents "that are in the possession of or under the control and custody of the Applicants."  *See* Ex. A, p. 1.  The requests sought, *inter alia*, all documents concerning the involvement of Fried Frank in the Debtors' bankruptcy cases, and all documents concerning division of duties and responsibilities between Fried Frank and Hahn & Hessen LLP or Richards, Layton & Finger, P.A., which firms were counsel for the Official Committee of Unsecured Creditors.  *See* Ex. A, Requests Nos. 1 and 3.

  11. On February 12, 2014, the Applicants responded to the Rule 7034 Requests.  A copy of their written response is attached as **Exhibit B**.  The response did not object to producing documents within the "control" of the Applicants, such as documents held by the Applicants' attorneys.  Rather, the response only objected to producing documents to the extent they were "not within the Applicants' possession, custody or control."  *See* Ex. B, p. 3, ¶ 6.

  12. The Applicants produced less than 700 pages of documents responsive to the U.S. Trustee's Rule 7034 Requests, and a good number of those pages were wholly or partially redacted.[2]  The documents produced were almost entirely emails, together with their attachments.  Typically a printed email will indicate in the upper left hand corner whose computer it was printed from.  However, that information was not on any of the emails the Applicants produced, so it was not clear from whose files the documents were printed.

  13. In an e-mail dated April 2, 2014, the Applicants' counsel indicated that "[w]ith respect to document production, we believe that all responsive, non-privileged documents have

---

[1] At the same time, the United States Trustee also served her First Set of Interrogatories to Applicants Vornado Realty Trust and Rabina Properties LLC, and First Set of Requests for Admissions Directed to Applicants Vornado Realty Trust and Rabina Properties LLC.

[2] The Applicants provided a privilege log regarding the redactions, but only in late March, 2014, after counsel to the U.S. Trustee requested them to do so.

been produced." *See* email from Gary Kaplan of Fried Frank to Benjamin Hackman, a trial

attorney at the U.S. Trustee's Office, a copy of which is annexed hereto as **Exhibit C** (see

second email from the top of page 1, second paragraph).

14.    On May 8, 2014, the U.S. Trustee served subpoenas on two senior Fried Frank

lawyers who billed a significant amount of hours representing the Applicants in the Filene's

matter. [3]  Those subpoenas each included the same document request, seeking just two categories

of documents:  (1) to the extent not previously produced, all communications and other

documents between or among the Creditors' Committee and/or the Applicants on the one hand,

and the Equity Committee and/or the Debtors on the other, and which attach or discuss term

sheets relating to plan negotiation; and (2) all mediation statements prepared, in whole or in part,

by Fried Frank, but allowing the producing party to redact any information they believe was

privileged, provided that certain limited information not be redacted, such as the entities on

whose behalf the medication statement was prepared or submitted, and the name of the law firms

submitting it.

15.    The U.S. Trustee included these two document requests in the subpoenas

addressed to the Fried Frank lawyers, even through such documents should have already been

produced in response to the U.S. Trustee' Rule 7034 Request.  The U.S. Trustee included the

first document request in the subpoena to make sure that the production of all communications

concerning term sheets was complete, since such communications are highly relevant to the

Applicants' claim that it was their lawyers from Fried Frank who came up with the terms that

were ultimately incorporated into the Debtors' plan. The U.S. Trustee included the second

---

[3]      At that time the U.S. Trustee also served subpoenas on two other individuals, a
representative of the Applicant Vornado, and the attorney at Hahn & Hessen, Mark
Power, who submitted a declaration in support of the Substantial Contribution
Application.

document request in the subpoenas because, although such mediation statements were responsive to the Rule 7034 Request, none had been produced.

16.     On May 13, 2014, counsel for the U.S. Trustee spoke with the Applicants' counsel concerning the Applicants' objection to the subpoenas. During the course of that conversation it became apparent that, in responding to the U.S. Trustee's Rule 7034 Request, documents in the possession of the Applicants' counsel, Fried Frank, were not searched or produced.  Based on the statements of the Applicants' counsel, the reason for this was that they did not agree that documents within the Applicants' "possession, custody or control" included documents held by the Applicants' counsel.

17.     On May 15, 2014, the Applicants filed a Motion Pursuant to Bankruptcy Rules 7016, 7026, 9014(c) and 9016, and Local Rule 9019-5 for Protective Order Barring Requested Discovery relating to the subpoenas the U.S. Trustee served on May 8, 2014 (the "Motion to Quash").  *See* Dkt. No. 3018.  The U.S. Trustee will separately respond to the Motion to Quash.

## ARGUMENT

**The Applicants Should Be Compelled to Produce Documents in the Possession of Their Attorneys, and other Agents that are Responsive to the U.S. Trustee's Rule 7034 Request**

18.     Bankruptcy Rule 9014(b) provides that, in contested matters, litigants shall have discovery entitlements under Bankruptcy Rules 7026(b), 7034, and 7037 among others. Bankruptcy Rule 7034 makes Rule 34 of the Federal Rules of Civil Procedure applicable in Bankruptcy cases.  Rule 34, in turn, enables litigants to demand documents, including from third-parties, provided the request is "within the scope of Rule 26(b)."

19.     The Third Circuit Court of Appeals has held that the federal discovery rules entitle a litigant to "broad and liberal discovery."  *Pacitti v. Macy's*, 193 F.3d 766, 778 (3d Cir.

1999).  Federal Rule 26(b)(1) contemplates discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevance" for purposes of discovery is "given very broad meaning."  *Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138 at *1 (D. Del. Oct. 23, 2002).  Proposed discovery need only to appear "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1);  *see also Burtch v. Luminescent Sys., Inc. (In re AE Liquidation, Inc.)*, 2012 WL 6139950 (Bankr. D. Del. Dec. 11, 2012) (Walrath, J.) ("Parties to litigation are entitled to broad and liberal discovery," and that evidence is discoverable "if it may lead to other relevant, admissible evidence") (internal quotations and citations omitted).

20.    Federal Rule of Civil Procedure 34(a) expressly permits a party to serve a request for production of documents which are within the scope of discovery and "which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  Courts have consistently held that documents in the possession of the responding party's agent are within the party's control.  *See In re Global Power Equipment Group Inc.*, 418 B.R. 833, 843 (Bankr. D. Del. 2009)(Shannon, J.), discussed below, and cases cited therein.  There can be no question that a party's attorney is their agent.  *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986)(discussing the scope of an attorney's authority as an agent of its client); *Commercial Credit Corp. v. Repper (In re Ruppert)*, 309 F.2d 97, 98 (6th Cir. 1962) (noting it is a "well settled principle that if the client may be compelled to produce documents in his possession then the attorney may be compelled to produce the same documents when they are in his custody")(citing 8 Wigmore, Evidence, McNaughton Rev. 591, § 2307).

21.    In  *In re Global Power Equipment Group Inc.*, 418 B.R. 833 (Bankr. D. Del. 2009)(Shannon, J.), this Court indicated that Federal Rule of Civil Procedure 34 "makes clear

that production need not be confined to what is in the responding party's possession, but may include what is under the responding party's 'control,' including 'information reasonably available to [the responding party] from his employees, agents, or others subject to his control.'" Id. at 841 (citations omitted).  The Court went on to say that "[t]he Third Circuit and other courts have held that documents are in the 'control' of the responding party if the party has the 'legal right or ability to obtain the documents from another source upon demand.'" *Id.* citing, *inter alia*, *Mercy Cath. Med. Ctr. v. Thompson,* 380 F.3d 142, 160 (3d Cir. 2004).

22.    In analyzing whether a litigant is in control of documents held by a non-party, this Court in *Global Power* stated that it must consider the nature of the relationship between the litigant and the non-party, the three main factors in the analysis of which are: "1) the corporate structure encompassing the different parties,[4] 2) the non-party's connection to the transaction at issue, and 3) the degree to which the non-party will receive the benefit of any award in the case." *Global Power,* 418 B.R. at 842.  Based on that analysis, the Court in *Global Power* concluded that documents held by the claimant's French affiliate were within the control of the claimant, and therefore would have to be produced in response to a document request directed at the claimant.  *Id.* at 836, 844.

23.    Using the factors the Court applied in *Global Power,* it is clear that documents in the possession of Fried Frank are within the control of the Applicants, and therefore should have been produced.  The relationship here between the Applicants and the non-party, who is their counsel Fried Frank, is strong.  The connection between Fried Frank and the transaction at issue, namely the Applicants' Substantial Contribution Application, is very strong -- it is Fried Frank's

---

[4]    The factor set forth in *Global Power* relating to the "corporate structure encompassing the different parties," was relevant to the issue of "control" in that case, as it involved whether a corporate litigant was required to produce documents held by a sister corporation.  That element, however, has no application here.

fees and expenses that the Substantial Contribution Application seeks to recover.  Fried Frank

also will benefit from any award to the Applicants in this case because, based on the Applicants'

answers to interrogatories served by the U.S. Trustee, Fried Frank has not yet been paid the fees

that are the subject of the Application.  Thus, under the factors examined by the Court in *Global*

*Power*,  it is clear that the Applicants are in "control" of the documents held by their counsel,

Fried Frank.

24.    By its Rule 7034 Request, the U.S. Trustee seeks documents relevant to the

Applicants' request for payment of the fees and expenses of Fried Frank in representing the

Applicants in these bankruptcy cases.  As the Applicants' counsel, Fried Frank is their agent, and

the Applicants have the "legal right or ability to obtain the documents from [Fried Frank] upon

demand."  *Global Power*, 418 B.R. 841, citing *inter alia*, *Mercy Cath. Med. Ctr. v. Thompson*,

380 F.3d 142, 160 (3d Cir. 2004).   Documents in Fried Frank's possession are therefore

documents within the "control" of the Applicants, and should have been produced in response to

the U.S. Trustee's Rule 7034 Request.

25.    Substantial contribution is by its nature is a fact intensive inquiry.  *See In re*

*Northwestern Corp.*, 365 B.R. 453, 456 (D. Del. 2007).  Without a thorough search and

production of responsive documents from Fried Frank's files, the U.S. Trustee and this Court

will have only a partial picture of the facts that are relevant to the Substantial Contribution

Application.

26.    In fact, documents in the possession of Fried Frank are likely to include some of

the most relevant documents on the main issues in this contested matter, which is the role of

Fried Frank in the Debtors' bankruptcy cases, and whether the Applicants, through Fried Frank's

efforts, made a substantial contribution to these cases.  While some of Fried Frank's documents

may also be in the possession of the Applicants themselves (in which case they do not need to be produced a second time), others are likely not to be. For example, if the Debtors' counsel communicated with Fried Frank by email during the course of the plan negotiations, they would not have been likely to copy Fried Frank's clients on such emails. In such case, those relevant, non-privileged communications would be in the possession of Fried Frank, but not in the possession of the Applicants themselves, and therefore would not have been produced in response to the U.S. Trustee's Rule 7034 Request. The U.S. Trustee is entitled to production of such relevant, non-privileged documents.

## CERTIFICATION PURSUANT TO LOCAL RULE 7026-1

27.     Pursuant to Local Rule 7026-1, the undersigned counsel Juliet Sarkessian certifies that a good faith effort was made to resolve the issues raised by this Motion without the need for Court intervention, by way of a call with the Applicants' counsel on May 13, 2014, and subsequent email communications, but that the parties were not able to consensually resolve this dispute.

## RESERVATION OF RIGHTS

28.     The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Motion.

## CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an order compelling the Applicants to cause their attorneys, and any other agents of the Applicants who are in possession of documents responsive to the U.S. Trustee's Rule 7034 Request, to produce such documents prior to commencement of depositions in this contested matter, and to grant

such other such relief as the Court deems just, fair, and equitable.

Dated: May 20, 2014

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esquire
Timothy J. Fox, Jr., Esquire
Trial Attorneys
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax
Juleit.M.Sarkessian@usdoj.gov
Timothy.Fox@usdoj.gov