IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
: 
In re : Chapter 11
:
FILENE'S BASEMENT, LLC, et al.,[1] : Case No. 11-13511 (KJC)
:
Reorganized Debtors. : Jointly Administered
:
: RE: D.I. 3174, 3180, 3186, 3190, _3196_
------------------------------------x

### ORDER (I) AUTHORIZING THE REORGANIZED DEBTORS TO ENTER INTO SECURED DEBT FINANCING AND EFFECTUATE THE TRANSACTIONS CONTEMPLATED THEREIN; (II) AUTHORIZING THE REORGANIZED DEBTORS TO DEVELOP, SELL, AND/OR OTHERWISE TRANSFER SYMS OWNED REAL ESTATE, INCLUDING THE TRINITY PROPERTY, PURSUANT TO THE PLAN; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Reorganized Debtors for entry of an order under sections 105, 1142, and 1146 of the Bankruptcy Code, Bankruptcy Rules 4001 and 6004, Local Rules 4001-2 and 6004-1, sections VII.B, VII.F, VII.H, and XIII of the Plan, and paragraphs 7, 18, 21, and 49 of the Confirmation Order (i) authorizing the Reorganized Debtors to enter into the Loan and effectuate the transactions contemplated therein; (ii) authorizing the Reorganized Debtors to effectuate a transaction(s) to maximize the value of all or any portion of the Trinity Property and any other Syms Owned Real Estate, including by developing, selling, or otherwise transferring such assets pursuant to the Plan and Confirmation Order and approving protective measures to preserve the Reorganized Debtors' significant NOLs; (iii) waiving any and all

---

[1] The Reorganized Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Filene's Basement, LLC (8277), Syms Corp. (5228), Syms Clothing, Inc. (3869), and Syms Advertising Inc. (5234). The Reorganized Debtors' address is 717 Fifth Avenue, Suite 1303, New York, NY 10022.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

mortgage recording, transfer, stamp, or similar taxes that may otherwise be incurred due to the transfer of any interest in Syms Owned Real Estate, including but not limited to the Loan, the development, sale, transfer, and/or other transaction involving all or any portion of the Trinity Property including any subsequent financing (including seller financing) secured by the Trinity Property, pursuant to section 1146 of the Bankruptcy Code, the Plan, and Confirmation Order; and (iv) granting such other relief as may be just and proper; and due and sufficient notice of the Motion as described in the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Reorganized Debtors are authorized to enter into the Loan and the transactions contemplated therein, including but not limited to the incurrence of debt and granting of liens as described in the applicable Loan documents, and the proceeds of such Loan and the transactions contemplated therein shall be used, unless otherwise required to fund the Operating Reserves (as defined in the Plan) in accordance with the terms of the Plan, first (i) to make distributions on any unpaid Allowed Claims and (ii) to reserve for any remaining Disputed Claims, both in accordance with the Plan. Thereafter, the proceeds of such Loan and the transactions contemplated therein shall be retained by the Reorganized Debtors and distributed or otherwise used in accordance with the terms of the Plan.

3. Subject to and in accordance with the provisions of the Confirmation Order and the Plan, the Reorganized Debtors are authorized to effectuate a transaction(s) to maximize the value of all or any portion of the Trinity Property and any other Syms Owned Real Estate, including by developing, selling, or otherwise transferring such assets in their sole discretion and business judgment without further order of this Court.

4. The Reorganized Debtors are authorized to enter into transactions by which they will form new special purpose entities, each to be a wholly owned subsidiary of Trinity Place Holdings Inc., for the purpose of owning the remaining Syms Owned Real Estate in accordance with each entity's applicable governance documents; provided, however, that the transfer of title of the remaining Syms Owned Real Estate to such special purpose entities will not affect their status as Syms Owned Real Estate as defined in the Plan. All Syms Owned Real Estate, including any proceeds from the sale thereof, shall continue to be treated in accordance with the terms of the Plan. Notwithstanding the foregoing, and for the avoidance of doubt, the Trinity Property shall secure the Loan as described in the applicable Loan documents, and any proceeds from the sale of the Trinity Property shall be applied first to the payment of the Loan and the other obligations under the Loan documents of the Borrower and/or Guarantor (as defined in the Loan documents), and the balance remaining after such payment shall continue to be treated in accordance with the terms of the Plan.

5. Pursuant to paragraph 18 of the Confirmation Order and section 1146(a) of the Bankruptcy Code, no document recording tax, stamp tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording tax, or other similar tax or governmental assessment shall be due and owing on account of any transfer of any interest in Syms Owned Real Estate, including but not limited to the Loan (and the transactions

contemplated therein) and the development, sale, transfer, and/or other transaction involving all or any portion of the Trinity Property including any subsequent financing (including seller financing) secured by the Trinity Property, and the appropriate state or local governmental officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any instrument or other document in connection with the Loan or any transfer of the Syms Owned Real Estate, including but not limited to the Trinity Property, without payment of any such tax or assessment.

6. The Reorganized Debtors (including Trinity Place Holdings Inc.) are authorized to amend the certificate of incorporation of Trinity Place Holdings Inc. in the form attached to the Motion as **Exhibit B** (as revised as set forth at D.I. 3190), and each officer of Trinity Place Holdings Inc. (acting alone) is authorized to make, execute, and acknowledge an instrument setting forth such amendments (in such form as any officer of Trinity Place Holdings Inc. deems advisable) and to cause such instrument to be filed with the Office of the Secretary of State of the State of Delaware at such time as any such officer may deem advisable.

7. Each action taken by or on behalf of any of the Reorganized Debtors (including by any officer of Trinity Place Holdings Inc.) to effect the actions and transactions approved or contemplated by this Order shall be deemed to have been taken to effect and carry out this Order pursuant to Section 303 of the Delaware General Corporation Law.

8. This Court shall retain exclusive jurisdiction with respect to (i) all matters arising from or related to the implementation or interpretation of this Order; and (ii) any finding for purposes of section 7.5(a) of the Loan Agreement that any Loan Party has violated or taken any action that is inconsistent with the Confirmed Plan, the Confirmation Order, this Order or any other order issued by the Bankruptcy Court that is final and non-appealable or that remains

unstayed for thirty (30) days, or has failed to take any action that it is required to take pursuant to the Confirmed Plan, the Confirmation Order, this Order or any other such order of the Bankruptcy Court; provided, however, that if this Court does not exercise jurisdiction to enter such a finding for purposes of section 7.5(a) of the Loan Agreement, such finding may be made by any other court of competent jurisdiction. Except as set forth in this paragraph, this Order shall not supersede the jurisdictional provisions of the Loan Documents.

Dated: _____, 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

8809728